UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BAYCARE HEALTH SYSTEM, INC.,

    Plaintiff,

v.                                                         Case No. 8:18-cv-2380-T-60JSS

BAYCARE HEALTH MANAGEMENT
CORP. AND TRUE IMAGE
TECHNOLOGIES, INC.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Julie S. Sneed. (Doc. # 30). By the thorough and well-reasoned report and recommendation, Judge Sneed recommends that Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants be granted in part and denied in part. Neither Plaintiff nor Defendants filed an objection to the report and recommendation, and the time to object has expired.

Under the Federal Magistrates Act, Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the

magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).

In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). However, the district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (table). When no timely and specific objections are filed, case law indicates the district judge should review the magistrate judge's proposed findings and recommendations using a clearly erroneous standard. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

After careful consideration of the record, including Judge Sneed's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Sneed's detailed and well-reasoned factual findings and legal conclusions, including that Plaintiff has stated substantive causes of action and is entitled to a permanent injunction and statutory damages. The Court also agrees with Judge Sneed that Plaintiff should be awarded reasonable attorney's fees in the amount of $21,236 and costs in the amount of $614.60.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Judge Sneed's Report and Recommendation (Doc. # 30) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants (Doc. # 17) is **GRANTED IN PART** and **DENIED IN PART**.

3. The Clerk is directed to enter final default judgment in favor of Plaintiff BayCare Health System, Inc., and against Defendants BayCare Health Management Corp. and True Image Technologies, Inc., as to all counts of Plaintiff's Complaint (Doc. # 1), in the amount of $30,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(d), $21,236.00 in attorney's fees, and $614.60 in costs, against Defendants jointly and severally.

4. Pursuant to 15 U.S.C. § 1116, a permanent injunction is hereby entered against Defendants as follows:

    Each Defendant, and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with Defendants, having notice of this Order, is **PERMANENTLY RESTRAINED** and **ENJOINED** from:

    a. using the BAYCARE mark, in any form or fashion, whether alone or in combination with other words or elements, or any other formative variations thereof or any mark confusingly similar to

Plaintiff's BAYCARE mark, in any marketing, advertising, promotion, selling, offering and/or providing of any of Defendants' goods and services, including without limitation, on buildings, signage, product labels, websites, advertisements, promotional or marketing materials, press releases, third-party publicity services, trade names, blogs, social media sites or applications, online video accounts, letterhead, labels, inventory, speaking engagements, source identifiers, on the internet, as or in domain names, email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, or invisible data;

b. falsely representing themselves as being connected to Plaintiff, through sponsorship or association, falsely designating the origin of Plaintiff's BAYCARE trademark or otherwise creating a false association with Plaintiff;

c. injuring Plaintiff's goodwill and reputation;

d. doing or engaging in any other act or thing that would likely induce the belief that Defendants' services are in anyway connected with or sponsored, affiliated, licensed or endorsed by Plaintiff or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendants with Plaintiff; and

e. from registering and/or purchasing any other domain name that contains terms that are confusingly similar to Plaintiff's BAYCARE mark, or any formative variations thereof.

5. Defendants are hereby **ORDERED** to:

    a. within five (5) days of the date of this judgment, recall, remove and/or destroy all goods, services, and advertising, promotional and marketing materials bearing the BAYCARE mark, including boxes, packaging, stationary, letterhead, labels, inventory, business forms, business cards, statements, invoices, signage, brochures, pamphlets, webpages, websites, social media sites, and advertisements bearing the BAYCARE mark or any variation thereof in accordance with 15 U.S.C. § 1118, including all such materials on Defendants' website located at the domain baycare.us;

    b. within five (5) days of the date of this judgment, cease using the corporate name BayCare Health Management Corp., trade name BayCare Health Management, and any other corporate names or trade names containing the BAYCARE mark, and file name change amendments for any and all business entities Defendants operate or have formed having corporate names or trade names containing the BAYCARE mark, including BayCare Health Management Corp.;

c. within five (5) days of the date of this Order, transfer the subject domain name, baycare.us ("Subject Domain Name"), to Plaintiff. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Name to Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Name to a Registrar of Plaintiff's choosing, and that Registrar shall transfer that Subject Domain Name to Plaintiff. Upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Name, or their administrators, including backend registry operators or administrators, within thirty (30) days of receipt of this Order, shall place the Subject Domain Name on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which links the Subject Domain Name to the IP addresses where the associated websites are hosted; and

d. in accordance with 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the permanent injunction.

6. The Court retains jurisdiction to enforce the final judgment and permanent injunction.

7. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2020.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**